IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANIEL JOSEPH PARRISH-PARRADO,

                    Petitioner,
                                        CIVIL ACTION
           vs.                          No. 11-3175-SAC

PRISONER REVIEW BOARD,


                    Respondent.



MEMORANDUM AND ORDER


     This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in state custody.

     Petitioner states that on September 13, 2011, he had a teleconference interview with the respondent, and he complains that his interviewer focused on his 2008 disciplinary record rather than on his parole plan.  He also complains his legal mail has not been mailed, that he has been denied legal copies, and of limitations on access to his legal files.  He asks for a court order allowing him full-time access to a typewriter, access to his files, and release from confinement.

     In subsequent filings, petitioner moves for the appointment of counsel and complains that he has been denied legal confer-

ence telephone calls and legal writing supplies (Doc. 3) and he provides a copy of the October 10, 2011, Action Notice issued by the respondent Prisoner Review Board (Doc. 4, Ex.).  He seeks disclosure of the identity of those who objected to his release on parole.

**Claims concerning parole**

First, to the extent petitioner challenges the decision to deny him release on parole, his claim is properly presented in a petition for habeas corpus pursuant to 28 U.S.C. § 2241.

However, "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under §2241 or § 2254." *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000)(citing *Coleman v. Thompson,* 501 U.S. 722, 731 (1991)).

Therefore, if petitioner wishes to challenge the decision of the Prisoner Review Board to pass him to 2013, he must pursue state court remedies in the state district court under K.S.A. 60-1501 and, if he is not successful, to the Kansas Court of Appeals and the Kansas Supreme Court to exhaust state court remedies.  Because he has not done so, the court will dismiss his claims concerning the validity of his continuing confinement without prejudice.

**Claims concerning conditions of confinement**

Next, to the extent petitioner presents claims challenging

the conditions of his confinement, such as the failure to process legal mail and to provide legal copies and telephone access, he must present these claims in a civil rights action filed pursuant to 42 U.S.C. § 1983.  The habeas corpus remedy does not extend to challenges concerning a prisoner's conditions of confinement.  *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)(explaining the U.S. Supreme Court has distinguished the remedies under § 1983 and § 2241 and stating that "federal claims challenging the conditions of confinement generally do not arise under § 2241"), *cert. denied,* 531 U.S. 1083 (2001).

Therefore, the court will dismiss petitioner's claims concerning the conditions of his confinement without prejudice. Plaintiff may pursue these claims in an action under § 1983 after his exhaustion of available administrative remedies.  42 U.S.C. § 1997e (requiring a prisoner to exhaust administrative remedies before commencing a federal civil rights action).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied as moot.

A copy of this order shall be transmitted to the peti-

tioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 26th day of October, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge