IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL JOSEPH PARRISH-PARRADO,**

          Petitioner,

    vs.                                CIVIL ACTION
                                        No. 11-3175-SAC

**PRISONER REVIEW BOARD, et al.,**

          Respondents.

**MEMORANDUM AND ORDER**

This matter comes before the court on petitioner's combined motion for reconsideration and interlocutory notice of appeal (Docs. 7 and 8).

The court dismissed this matter without prejudice by its Memorandum and Order of October 26, 2011 (Doc. 5), finding that petitioner's claims concerning the denial of parole had not been presented to the state courts and that his claims concerning the conditions of his confinement were not properly raised in a habeas corpus action.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, a party subject to an adverse ruling may file a motion to alter or amend the order or

judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the order or judgment pursuant to Fed.R.Civ.P. 60(b). *See Van Skiver v. United States, id.*

Determining which rule applies to a motion to reconsider depends upon the time such a motion is filed: Rule 59(e) applies when the motion is filed within 28 days of the order or judgment; Rule 60(b) governs all other motions. *See* Fed.R.Civ.P. 59(e). Petitioner's motion was filed within 10 days of the order he challenges, and it is construed as a motion pursuant to Rule 59(e).

Generally, the three major grounds that justify relief in such a motion are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner does not specifically argue any such basis for relief. Rather, he states that he is denied copies by the correctional facility and that the state court has refused to file an original pleading submitted without additional copies. The court finds no basis for granting relief on such claims in this habeas corpus action. As set forth in the court's order of dismissal, such claims are not cognizable in habeas corpus, and petitioner cannot overcome the exhaustion requirement on the

2

reasoning he presents. Accordingly, the court will deny the motion for reconsideration.

Petitioner also has filed a notice of appeal. The court finds petitioner is unable to pay the $455.00 filing fee and grants leave to proceed in forma pauperis on appeal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. 7) is construed as a motion pursuant to Fed. R. Civ. P. 59(e) and is denied.

IT IS FURTHER ORDERED petitioner is granted leave to proceed on appeal in forma pauperis.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 8th day of November, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge